IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                    Case No. 4:15cv89-RH/CAS

**SECRETARY FOR CITY MANAGERS**
**JACK MCLEAN AND MIKE WADE,**

    **Defendant.**

_____/


## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 4, and a motion requesting the appointment of counsel, doc. 5.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119. In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed. The complaint is not on court forms as is required by the local rules of this Court. N.D. Fla. Loc. R. 5.1(H). In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G). That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof." *Id.* As explained below, this case involves issues of fact which are in common with case 4:14cv332-RH/CAS. A notice should have been filed.

The complaint alleges that on April 22, 2014, the Mayor of Quincy went to Plaintiff's house and asked whether Plaintiff had ever received payment from the City of Quincy. Doc. 1 at 1. The payment is presumably pertains to Plaintiff's utility bill. The Mayor told Plaintiff he should have already received a check and advised Plaintiff he had personally seen the list which contained Plaintiff's name. *Id.* Plaintiff then went to City Hall to talk with Mike Wade, Interim City Manager, about his check. *Id.* Plaintiff complains that Wade's secretary refused to let Plaintiff speak with him. *Id.* When Plaintiff returned with his mother, Wade was standing in the lobby. *Id.* Plaintiff tried to talk to Wade about the check when Wade asked Plaintiff to step into his office. *Id.* Plaintiff contends the secretary, whose name is apparently unknown, was gesturing to Wade not to do so. *Id.* Plaintiff contends the secretary was telling Wade "what to do."

*Id.* Plaintiff states that then he went to the City Commission meeting on May 13, 2014, the secretary came up to him, gave him a "mean look, and intentionally stepped" on Plaintiff's foot "while saying some smart remark" to Plaintiff. *Id.* at 2. Plaintiff also contends that when he went to meet with Wade the next day, the Secretary told Plaintiff he "had no business running for President because [Plaintiff] did not salute the flag . . . ." *Id.*

These allegations are the same factual events as Plaintiff presented in case number 4:14cv332. *See* doc. 1 of that case. A Report and Recommendation is pending in that case, recommending dismissal because Plaintiff has not stated a viable claim. The claims brought against the Defendants collectively in that case were insufficient to state a claim, and they remain insufficient, now separately brought in numerous separate cases against the Defendants individually. Plaintiff alleges no harm, and no claim of constitutional magnitude. Plaintiff's complaint should be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2) and that all motions which may be pending in this case be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**